

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 6, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-522

Re: Whether a rooming house
qualifies as a commercial
lodging establishment as
that term is used in Section
15 of Article V of the
General Appropriation Act
of 1965 and related ques-
tions.

Dear Mr. Calvert:

Your request for an opinion on the above subject matter
asks the following questions, in view of the provisions of para-
graph (a) of Section 15 of the General Appropriation Act of the
59th Legislature:

"1. Does a rooming house qualify as a
commercial establishment?

"2. Does an apartment qualify as a com-
mercial establishment?

"3. If you hold that the renting of an
apartment follows within the definition of
'commercial lodging', what would two or more
State employees renting and living in the same
apartment be entitled to for reimbursement on
a per diem basis?

"4. At what rate of per diem would an em-
ployee be entitled to who secures lodging at
YMCA, YWCA, and membership clubs?

"5. Would a statement or billing received
as a result of the use of a credit card from a
company other than a commercial hotel, motel, or
other commercial lodging establishment, entitle
the employee to qualify under the $12.00 per
day per diem rate?"

-2457-

This office in Opinion No. C-472 defined a "commercial establishment" as follows:

"In view of the foregoing, it is our opinion that the phrase 'commercial hotel, motel, or other commercial lodging establishment' refers to those persons, firms, corporations, associations or establishments, engaged in the business of furnishing lodging to the public generally for pay, . . ."

As pointed out in the above opinion, "Article 4596, Revised Civil Statutes of Texas, 1925, defines a hotel or inn as 'a place where the business is to furnish food and lodging or either, to all who apply and pay therefor.'" (Emphasis added.) No such restriction is placed on the term "commercial lodging establishment". The only requirements of the latter are that they "furnish lodging to the public generally for pay." (Emphasis added.)

Applying the above definition to questions 1, 2, and 4, rooming houses, apartments, and YMCA's and YWCA's fall within the definition of "commercial lodging establishment". Consequently, any State employee who must remain out of town in order to perform his duties for either a day or several months and elects to stay at one of the above is entitled to twelve dollars ($12) per diem.

Question number 4 does not reveal the type membership clubs to which you are referring. If membership is both limited and is a prerequisite for using the facilities of the club, it is not a commercial establishment open to the public even though it may require remuneration from the individual member who stays overnight. For example, a social fraternity would be a membership club which would furnish lodging to its itinerant members for pay but would not be a commercial establishment within the above definition.

In answer to question number 3, paragraph (a) of Section 15 of Article V of the General Appropriation Act of the 59th Legislature provides:

"Rates of allowance. Each employee traveling on State business inside the boundaries of the

State of Texas shall be allowed, in lieu of actual
expenses incurred for meals and lodging, a flat
per diem rate not to exceed twelve dollars ($12)
provided there is attached to his expense account
when submitted a 'Paid' bill or receipt from a
commercial hotel, motel, or other commercial
lodging establishment for his lodging, but pro-
vided further that if such receipt is not sub-
mitted, the flat per diem rate shall not exceed
seven dollars ($7)."

Section 15 of Article V places no limitation on the
actual cost of lodging; it merely requires that the State em-
ployee has paid for his lodging and such payment is evidenced
by a "Paid" bill or receipt from a commercial hotel, motel, or
other commercial lodging establishment in order to qualify for
the twelve dollar ($12) per diem rate. When two or more State
employees are renting and living in the same apartment, each
employee's expense for lodging is that portion which he pays
of the total bill. Upon the submission by the State employee
of a "Paid" bill or receipt, or copy thereof, indicating that
the employee was one of the tenants, he will qualify for the
twelve dollar ($12) per diem rate for the days covered by the
receipt.

Article 1555b, Vernon's Texas Penal Code, defines
credit card as follows:

"Sec. 3. The term 'credit card' as used
herein means an identification card, plate,
coupon, book, device or number issued to a per-
son, association of persons, or corporation by
a person or business organization which permits
such person, associations of persons, or cor-
porations to attempt to obtain, or obtain, or pay
for items of value or services of any type, ir-
respective of whether such items of value or
services can be obtained or paid for by a credit
card issued by the person or business organization
offering the items of value or services or by
another person or entity engaged in providing
credit facilities for said person or business
organization." (Emphasis added.)

The credit card represents a contract between the credit card holder and the issuer of the card. Once the credit card holder has used the card, he becomes liable to the issuing company. Texaco, Inc. v. Goldstein, 229 N.Y.S.2d 51, 34 Misc.2d 751 (Municipal Court of New York, 1962). Similarly, the issuing company becomes liable to the party who accepted the card. As between the credit card holder and the party accepting the credit card, the holder is relieved of further liability and for purposes of Section 15 of Article V the accepting party has been "paid" thus qualifying the State employee for the twelve dollar ($12) per diem rate upon the presentation of the statement or billing received from the company issuing the credit card.

## SUMMARY

Apartments, boarding houses, YWCA's, and YMCA's are commercial establishments and State employees are entitled to the twelve dollar ($12) per diem rate upon presentation of a "Paid" bill or receipt from one of the above. A membership club, that is limited as to its membership, and membership is a prerequisite for using the facilities of the club, is not a "commercial lodging establishment" as that term is used in Section 15 of Article V.

Two or more State employees may occupy the same apartment and qualify for the twelve dollar ($12) per diem rate upon the presentation of a "Paid" bill or receipt, or copy thereof, which indicates that they were tenants.

A statement or billing received as a result of the use of a credit card from a company other than a commercial hotel, motel, or other commercial lodging establishment entitles the employee to qualify under the twelve dollar ($12) per diem rate for the days covered by the bill or statement.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Wade Anderson*

Wade Anderson
Assistant

WA:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Douglass Chilton
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright